## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

WAI YIP INTERNATIONAL CORP.,

                Plaintiff,

   v.                                                         Civ. Action No. 06-5032 (KSH)

JAAM, LLC, et al.,

              Defendants.                           <u>**OPINION**</u>

<u>**Katharine S. Hayden, U.S.D.J.**</u>

Plaintiff Wai Yip International Corp. ("Wai Yip") appeals from Magistrate Judge Patty Shwartz's September 4, 2007 order (docket entry #42) denying its motion for leave to file an amended complaint re-joining defendant Audrey Storch. Plaintiff argues that Storch should be re-joined, and thus subject to personal liability for copyright infringement, because she acted as an independent contractor and not an employee of defendant JAAM, LLC ("JAAM") under the work for hire doctrine. In its haste to deal with the nuances of the work for hire doctrine, Wai Yip fails to address the central inquiry on appeal, which is determining whether Judge Shwartz properly denied its motion in accord with <u>Foman v. Davis</u> and its progeny.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Wai Yip is a closely-held New Jersey corporation that sells children's books. (Compl. ¶ 1.) Audrey Storch is an employee and a principal shareholder of defendant JAAM, which is a gift and toy manufacturer incorporated under the laws of the State of New Jersey. (Def.'s Br. Mot. Dismiss 4.) JAAM's products include singing toys and playmats for children.

Wai Yip's suit alleges that JAAM and Audrey Storch infringed on certain patented and copyrighted material by manufacturing and selling children's "sound books" that Wai Yip invented.  (Compl. ¶ 1.)  Wai Yip contends it patented a design for children's books that has "a fabric covering with sound chips positioned therein and an overlapping cover which closes and locks due to hook and loop fasteners."  (Compl. ¶ 6.)  The sound chips emit appropriate sounds when "a particular representation is contacted."  Wai Yip also alleges that JAAM owes it monies "on a certain book account," indicating that the parties have done business in the past.  (Compl. ¶ 21.)  This Court has been unable to locate information in the record about the origin of the relationship between the two corporations, and thus the circumstances that form the basis for this suit are unclear.

The parties have indulged in bewildering motion practice and engaged in tactics that manifest a disregard for the practices of this Court.  After litigating for two years in state court, punctuated by an unsuccessful attempt to remove to federal court, Wai Yip filed its complaint in this matter on October 19, 2006.  The original complaint named Audrey Storch as a defendant, and alleged "patent infringement" and "copyright, unfair trade practices, and unfair competition."  On March 22, 2007, JAAM filed a motion to dismiss (docket entry #9) along with its answer raising affirmative defenses and counterclaims (docket entry #10), and Wai Yip filed an amended complaint that included Audrey Storch and Michael Storch as defendants (docket entry #11).  Because both pleadings ran afoul of procedural rules, this Court denied without prejudice JAAM's motion to dismiss and struck Wai Yip's amended complaint by an order dated March 23, 2007 (docket entry #12).  After an April 17th scheduling conference, Magistrate Judge Shwartz entered a scheduling order requiring that the parties serve Rule 26 disclosures on or before May 7th and serve any written discovery requests on or before May 14th (docket entry

#15).  This order also set a May 22nd deadline for Wai Yip to produce to JAAM documents that "demonstrate that plaintiff transacted with Mr. and Mrs. Storch in their individual capacities as opposed to their capacities as representatives of JAAM, LLC."

Wai Yip failed to comply with Judge Shwartz's April 17th order in two significant ways: (1) its attorney failed to attend the May 22nd settlement conference scheduled by the order; and (2) Wai Yip did not produce any evidence, by the May 22nd deadline, that it ever transacted with Audrey and/or Michael Storch in their individual capacities (docket entry #17).  At that point, Wai Yip had also failed to provide its Rule 26 disclosures, serve discovery demands, and pay sanctions for its attorney's failure to appear at the Rule 16 conference.  Judge Shwartz issued an order addressing Wai Yip's noncompliance:

> No later than May 30, 2007, [Wai Yip's attorney] shall submit documentation to show why he was unable to appear on May 22, 2007 and why he was unable to contact the Court or [JAAM] about his inability to appear;
>
> No later than June 22, 2007, [Wai Yip] shall submit a letter showing cause why the Undersigned should not recommend to the United States District Judge that Her Honor dismiss the claims against defendant Storch for failing to produce evidence that shows that the plaintiff transacted business with Mr. and Mrs. Storch in their individual capacities as opposed to their capacities as representatives of JAAM required by the Order dated May 22, 2007.

(Docket entry #17.)

On May 28, 2007, Wai Yip's attorney submitted a certification (docket entry #18) explaining that he missed the May 22nd settlement conference because he had been hospitalized and had no means of contacting JAAM or Judge Shwartz.  But the certification ignored the other requirement in the May 23rd order that Wai Yip "submit a letter showing cause why the Undersigned should not recommend to the United States District Judge that Her Honor dismiss the claims against defendant Storch."

Instead, on June 29, 2007, Wai Yip filed a "motion for leave to amend the complaint," which again offered no evidence that it transacted business with the Storch defendants in their individual capacities (docket entry #29).   On July 10, 2007, this Court entered an order dismissing Audrey Storch without prejudice (docket entry #33), noting that Wai Yip consented on the record on June 28 before Judge Shwartz to dismiss Audrey Storch without prejudice because it had failed to provide documents showing that it transacted business with her in her individual capacity.   On August 9, 2007, Wai Yip filed another motion for leave to amend the complaint (docket entry #39).   On August 13, 2007, Audrey Storch, apparently in response to this latest attempt to add her as a defendant, executed assignments transferring any and all of her interests in the children's books at issue to JAAM.   (Copyright Assignment Agreements Nunc Pro Tunc, attached to Certification of Counsel as Exhibit M, docket entry #45.7.)   Wai Yip's August 9th motion, unlike its previous attempts to amend the complaint, included certificates of registration with the United States Copyright Office that list Audrey Storch as the copyright claimant for the sound books, claiming these documents are evidence of Audrey Storch acting in her personal capacity.   After consideration of Wai Yip's August 9th motion for leave to amend, JAAM's August 27th brief opposing the motion for leave, and the arguments and representations of counsel during a September 4th teleconference, Judge Shwartz entered an order denying Wai Yip's motion for leave to amend its complaint (docket entry #42).   This appeal followed.

## II. STANDARD OF REVIEW

Local Civil Rule 72.1(c)(1)(A) provides that a non-dispositive Magistrate Judge's order may be set aside only if that order is "found to be clearly erroneous or contrary to law."   A finding is considered clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed.'" Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995) (Wolin, J.) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Motions to amend are generally considered non-dispositive. Thomas v. Ford Motor Co., 137 F. Supp. 2d 575, 579 (D.N.J. 2001) (Orlofsky, J.). Here, nothing in the record or the parties' submissions, and in particular Wai Yip's skimpy supporting brief, suggests that the motion to amend at issue is dispositive. Denial does not extinguish any of Wai Yip's claims because it can still proceed against JAAM, the real party in interest, and denial does not affect discovery. Also, Judge Shwartz noted on the record that "[t]here's nothing in front of the Court that suggests that [JAAM] is not viable and can't satisfy a judgment." (Teleconference Tr. 51:14, Sept. 4, 2007.)

Fed. R. Civ. P. 15(a) permits a party to amend a pleading once as a matter of course before a responsive pleading is served. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court of the United States carved out the discretionary boundaries for granting leave to amend a pleading by setting forth several factors that should shape the judge's decision, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." Because the rule mandates that leave be "freely given," "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id. Foman establishes both that the grant or denial of a motion to amend is discretionary, and that a court must provide reasons for denying a motion to amend in line with

the factors discussed there.  Against the background of the deferential "clearly erroneous" standard for appealing a non-dispositive order, this Court need only determine whether Judge Shwartz abused her discretion in denying Wai Yip's motion.

## III. DISCUSSION

Notwithstanding the focus of the required legal analysis, Wai Yip spends the entirety of its brief on appeal arguing that Audrey Storch is liable for copyright infringement under the work for hire doctrine because she "was not an employee of JAAM, LLC but an independent contractor."  This argument misses the mark and would still fail even if it were the appropriate issue to address in appealing Judge Shwartz's order.

The September 4th teleconference that is the basis for this appeal was held to clarify the position taken by Wai Yip in its August 9th "motion for leave to amend complaint to add Audrey Storch as a defendant."  The moving papers for that motion contended that Audrey Storch faces personal liability because she put her own name on the certificates of registration with the United States Copyright Office as the copyright claimant for the sound books.  JAAM's opposition memorandum argued, *inter alia*, that Wai Yip's failure to comply with Judge Shwartz's orders to produce evidence of Audrey Storch's liability, for which Wai Yip has never offered an excuse, constitutes bad faith and undue delay (Def.'s Opp. Br. 6, docket entry #45).  JAAM also pointed out that Audrey Storch has no interest in the copyrights at issue because she fully assigned any and all interest to JAAM.  (Def.'s Opp. Br. 9.)

During the September 4th teleconference, Judge Shwartz put her reasons for denying the motion on the record.  She was particularly concerned with the protracted back and forth between Wai Yip, the Court, and JAAM regarding Wai Yip's several motions to amend its complaint.  Wai Yip redoubled its efforts during the teleconference, still without offering any

6

excuse for its delay in producing the evidence, by arguing that the assignments are invalid because they were executed during the course of this litigation.  When asked by Judge Shwartz whether he had any legal support for this argument, Wai Yip's attorney admitted that he did not (Teleconference Tr. 45:7-10.)  Judge Shwartz noted that the assignment is valid "even though there's litigation pending so long as there's — it's not being done as a fraudulent conveyance to attempt to dissipate assets or do something to the detriment of the potentially victorious plaintiff." (Teleconference Tr. 44:7-10.)  Judge Shwartz reasoned, "[w]hat I don't want to do is waste effort concerning the liability of the individual, if, in fact, the assignment would mean that any recovery by plaintiff, if plaintiff is successful, is coming from JAAMs, because the plaintiff — the defendant — individual defendant or proposed defendant here has no interest in it anymore."

The Third Circuit has interpreted Foman to mean that "[i]n the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."  Heyl & Patterson International, Inc. v. F. D. Rich Housing, Inc., 663 F.2d 419, 425 (3d Cir. 1981).  Here, Judge Shwartz determined that denial of Wai Yip's motion does not result in prejudice to Wai Yip or to JAAM.  (Teleconference Tr. 51:14-23.)  And after considering the absence of prejudice to either party, Judge Shwartz concluded that "when the Court considers prejudice, undue delay, and particularly undue delay, the Court is not persuaded that the delay that would inevitably result from this — challenging this assignment to maybe be successful warrants the inclusion of this individual on what would only be the copyright claim." This Court will not disturb Judge Shwartz's determination that it would constitute undue delay to grant Wai Yip's motion for leave to amend its complaint to rejoin Audrey Storch as a defendant,

because her ruling, as required by <u>Foman</u> and <u>Heyl</u>, was based on the sound reasoning that granting the motion would further muddle this litigation with the issue of whether the assignments are valid even though Judge Shwartz found that there is little to no evidence that: (1) JAAM could not satisfy a judgment; (2) the assignments were executed in bad faith; and (3) Audrey Storch was ever a real party interest.  This Court finds it particularly significant that Wai Yip's attorney could not cite to any legal authority or establish any factual grounds addressing the validity of the assignments both during the teleconference and in support of this appeal. Given the teeth-pulling needed to get to this point, this Court cannot say that Judge Shwartz abused her discretion when she concluded that granting the motion would result in undue delay.

Based on the foregoing, Judge Shwartz's ruling is **affirmed**.  An appropriate order will be entered.


Dated: November 20, 2007                    /s/  Katharine S. Hayden

                                            Katharine S. Hayden, U.S.D.J.